IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HATHORNE'S WELL SERVICE,

        Plaintiff,

vs.                                              No. CIV 08-367 LFG/DJS

FORSTER DRILLING CORPORATION,

        Defendant.

**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**
**AND STRIKING ALL PLEADINGS BY DEFENDANT**

THIS MATTER is before the Court on an Order to Show Cause [Doc. 27], filed August 25, 2009. The Order was filed in response to a Motion to Withdraw [Doc. 21], in which Lynn Isaacson ("Isaacson") of Mason & Isaacson, P.A., sought permission to withdraw as counsel for Defendant, Forster Drilling Corporation ("Forster"). In that Motion, Isaacson contended that his client, Forster, substantially failed to fulfill its obligations to counsel and that continued representation has been rendered unreasonably difficult.

The Court initially denied Isaacson's request to withdraw until certain conditions were met. [Doc. 25]. The Court directed Isaacson that, as a precondition to the grant of the motion, he must write to Forster, advising that corporations may not appear in a *pro se* capacity, D.N.M.LR-Civ. 83.8, and that Forster would be obligated to secure new counsel and have counsel enter an appearance. Isaacson was further directed to advise Forster that the failure to have substitute counsel enter an appearance could result in striking of Forster's pleadings and/or entry of a default judgment against it. The Court advised Isaacson that upon receipt of his certification that he has complied with these requirements the Court would grant the Motion to Withdraw, but until that time he would remain as counsel of record for Forster.

On August 24, 2009, Isaacson filed a "Certificate of Notification" [Doc. 26], renewing his request to withdraw and detailing his unsuccessful efforts to contact his client, Forster. This document was docketed as a renewed Motion to Withdraw. In response to this certification, the

Court entered an Order to Show Cause, advising the parties that a corporation may not appear as a *pro se* litigant and directing Forster to have substitute counsel enter an appearance within ten days. Forster was warned that failure to do so could result in the striking of its pleadings pursuant to D.N.M.LR-Civ. 83.8(c). That rule provides that "[a]bsent entry of appearance by a new attorney [for a corporation], any filings made by the party may be stricken and default judgment or other sanctions imposed."

Forster made no response to the Order to Show Cause, and the deadline for responding has long since expired.

IT IS THEREFORE ORDERED that the renewed Motion to Withdraw [Doc. 26] is GRANTED. Mason & Isaacson, P.A., and attorney Lynn Isaacson, are permitted to withdraw as counsel for Forster Drilling Corporation and are relieved of any further obligation of representation in this action.

IT IS FURTHER ORDERED that all pleadings filed in this action by Defendant Forster Drilling Corporation are hereby stricken from the record, and Plaintiff may proceed to apply for a default judgment.

_Lorenzo P. Garcia_
Lorenzo P. Garcia
Chief United States Magistrate Judge